IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTHA CASIMERE, on behalf of | ) | |
| L.D.S., a minor child, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-05-219-F |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, who appears on behalf of a minor child, L.D.S., seeks judicial review

pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her

application for supplemental security income benefits for the child under Title XVI of the

Social Security Act, 42 U.S.C. §1382c(a)(3)(C)(i).  Defendant has answered the Complaint

and filed the administrative record (hereinafter TR___).  The matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B).   For the following reasons, it is recommended that the Commissioner's

decision be reversed and remanded for further proceedings.

I. Background

Plaintiff, who is the grandmother and guardian of the minor child, L.D.S., since his

birth, filed the application for child's supplemental security income benefits on February 25,

2003, alleging that the minor child, who was born on December 23, 1992, became disabled on December 31, 1992. (TR 51-52). The application was administratively denied. (TR 40, 41). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Kallsnick ("ALJ") on August 10, 2004. (TR 189-207). At this hearing, Plaintiff, who appeared without representation, and the minor child's aunt testified. Subsequently, the ALJ issued a decision in which the ALJ found that L.D.S. has severe impairments due to developmental delay and asthma and that these impairments do not meet, medically equal, or functionally equal any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Based on these findings, the ALJ concluded that L.D.S. is not disabled within the meaning of the Social Security Act. (TR 22-28). The Plaintiff's request for review of the administrative decision was rejected by the Appeals Council. (TR 5-7).

Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination. Plaintiff contends that the ALJ erred by failing to discuss the evidence and adequately explain his decision at step three of the requisite sequential evaluation procedure. Plaintiff contends that the ALJ also erred by failing to find that L.D.S.'s impairments meet or medically equal the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 103.03(C) and 112.11, failed to determine the credibility of Plaintiff's or L.D.S.'s aunt's testimony with respect to the issue of functional equivalence, and failed to develop the record as to the severity of L.D.S.'s asthma and mental impairment. Finally, Plaintiff contends that there is not substantial evidence in the record to support the ALJ's finding that L.D.S.'s impairments are not functionally equal to a listed impairment.

2

II. Standard of Review

Judicial review of this Complaint is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). The court will look to the record as a whole to determine whether the evidence which supports the Commissioner's decision is substantial in light of any contradicting evidence. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984); Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983)(per curiam). If the Commissioner fails to apply the correct legal standard or substantial evidence does not support the Commissioner's decision, the court may reverse the Commissioner's findings. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)(per curiam). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). To find that the Commissioner's decision is supported by substantial evidence in the record, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

For individuals under the age of 18 to be entitled to supplemental security income benefits, that person must have "a medically determinable physical or mental impairment, which results in marked or severe functional limitations, and which can be expected to result in death or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration follows a three-step

procedure to make this determination.  The first two steps require a determination as to whether the individual is engaged in substantial gainful activity and whether the individual has one or more severe impairments.  If it is found that the individual is not engaged in substantial gainful activity and has one or more severe impairments, then the ALJ must determine whether the individual's severe impairment(s) meet, medically equal, or functionally equal one or more of the listed impairments recognized by the agency to be disabling *per se*.  20 C.F.R. § 416.924(a).  If the individual satisfies this criteria and the duration requirement is met, the child is found disabled.  Id.

III. Step Two

There is no dispute that L.D.S. has not engaged in substantial gainful activity.  Thus, step one of the sequential evaluation procedure is satisfied.  At step two, the ALJ found that L.D.S. has severe impairments due to "developmental delay" and asthma.  Plaintiff contends that L.D.S. also has a severe impairment due to attention deficit hyperactivity disorder ("ADHD"). L.D.S.'s treating physician has prescribed medication for ADHD, and L.D.S.'s teachers and grandmother/guardian have repeatedly stated in the record that L.D.S. exhibits multiple symptoms related to ADHD, including hyperactivity, inattentiveness, restlessness, impulsivity, behavioral problems, poor sleep habits, irritability, distractibility, and inability to stay seated or focus on school work.  The consultative psychological examiner, Dr. Clemens, stated in August 2003 that L.D.S. was "distractible and restless" during the mental status examination and exhibited deficient attention/concentration functions. (TR 140-143). Dr. Clemens provided a diagnostic impression of possible attention deficit disorder, possible

borderline intellectual functioning, and possible oppositional defiant disorder. (TR 141).  The ALJ adopted Dr. Clemens' assessment that L.D.S. exhibits developmental delay and found that L.D.S.'s only severe mental impairment was "developmental delay."  However, the ALJ provided no explanation for his failure to find that the child has a severe impairment due to ADHD.  The substantial evidence of record does not support this finding of a non-severe ADHD impairment.

Moreover, considering the Plaintiff status as an unrepresented claimant, the ALJ failed to develop the record with respect to the extent of the child's severe mental impairments.  <u>See Henrie v. United States Dep't of Health & Human Servs.</u>, 13 F.3d 359, 360-361 (10th Cir. 1993)(when claimant is not represented by counsel, ALJ's duty to develop record is heightened).  The ALJ ordered a single consultative mental status evaluation of the minor child.  In this consultative examination conducted in August 2003 by Dr. Clemens, the psychologist conducted no psychological testing and concluded on the basis of the mental status examination and interview with L.D.S. and his grandmother/guardian that L.D.S. exhibits several possible mental impairments and needs further "intervention" to preclude the predicted worsening of these mental impairments "over time." (TR 141-142).  However, the ALJ failed to obtain any psychological testing to determine the extent of these possible mental impairments or the extent of the child's severe mental impairment due to

"developmental delay."[1]

Plaintiff contends that the ALJ also failed to develop the record with respect to the child's severe impairment due to asthma. The listing for asthma impairments requires evaluation of the results of pulmonary testing, and no such testing appears in the record. The ALJ erred in failing to develop the record in this respect before concluding that L.D.S's asthma impairment does not meet or medically equal the listed impairment at 20 C.F.R. pt. 404, subpt. P, app. 1, §103.03.

IV. Step Three

The errors in the ALJ's failure to find that L.D.S. has a severe impairment due to ADHD and failure to develop the record with respect to the extent of the child's mental impairments is compounded by the ALJ's failure to expressly consider any specific listed impairment at step three of the requisite analysis. At this step, the ALJ must determine whether the child's severe impairments meet, medically equal, or are functionally equal to one or more listed impairments. With respect to the ALJ's decision that L.D.S.'s severe impairments due to asthma and "developmental delay" do no meet or medically equal any listed impairment, Plaintiff contends that the ALJ erred by failing to reference any listing(s) he considered and the evidence relied upon and rejected to reach his decision. At this critical

---

[1]It is not clear, as Plaintiff suggests, that the impairment due to "developmental delay" found by the ALJ should be considered an organic mental disorder, prompting an evaluation of the severity of the impairment in relation to the requirements of the listing for organic mental disorders, 20 C.F.R. pt. 404, subpt. P, app. 1, §112.02. There is simply not enough medical evidence in the record to make this determination.

step three determination, the ALJ's full analysis is contained in one conclusion that "the evidence fails to establish that the child's impairment(s) meets [sic] or medically equals [sic] a listed impairment...." (TR 24).   This conclusory statement is not sufficient to provide a basis for judicial review of the Commissioner's decision.  See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)(holding that ALJ's "bare conclusion" claimant's impairments did not meet or equal listed impairment was "beyond meaningful judicial review").   The ALJ is "required to discuss the evidence and explain why he found [L.D.S.] was not disabled at step three." Id.  Along with the other errors set forth previously, the ALJ's failure to provide a sufficient rationale for his conclusion warrants reversal of the Commissioner's decision and remand for further administrative proceedings to address this deficiency.

Plaintiff posits further errors occurred at the third step of the requisite evaluation procedure.  Plaintiff contends that L.D.S.'s severe impairments due to ADHD and asthma meet or medically equal the listings for these two impairments, that the ALJ erred by failing to address the issue of the credibility of the statements in the record and testimony of L.D.S.'s grandmother or the credibility of the testimony of L.D.S.'s aunt, and that the ALJ erred in failing to find that L.D.S.'s severe impairments are not functionally equivalent to a listed impairment.  However, the undersigned declines to reach these contentions due to the errors of law in the ALJ's evaluation of the evidence which precede this ultimate determination as to whether L.D.S.'s impairments meet, medically equal, or are functionally equal to a listed impairment.  It must be pointed out, nevertheless, that the Plaintiff's arguments have merit.  The ALJ found that L.D.S.'s "subjective complaints are considered

credible only to the extent they are supported by the evidence of records as summarized in the text of this decision." (TR 27).  However, it is the grandmother/guardian's and the child's aunt's credibility that are at issue in making the functional equivalence determination, and not that of the child who did not file the application or provide testimony at the administrative hearing.

Additionally, the ALJ's findings with respect to the severity of the child's functional limitations is suspect.  The child's third grade report card reflects severe behavioral problems in the classroom. (TR 126).  The child's treating physician called the child's school and noted the school described several behavioral difficulties. (TR 170).  The child's teacher and principal were so "worried" about his behavior in school that the teacher called the child's treating physician. (TR 168).  Furthermore, the grandmother/guardian stated that the child's teacher advised her to get help for L.D.S. as soon as possible due to his recurrent behavioral problems in school. (TR 81).  Despite this evidence in the record of persistent, severe difficulties related to the child's ability to function in the areas of "acquiring and using information" and "attending and completing tasks," the ALJ found less than "marked" functional limitations in these areas. (TR 25).  The ALJ's cryptic explanation for these findings do not reference specific portions of the record and are not supported by the record.

<u>RECOMMENDATION</u>

In view of the foregoing findings, it is recommended that pursuant to sentence four of 42 U.S.C. § 405(g) judgment enter REVERSING the decision of the Commissioner to deny Plaintiff's application on behalf of her child for supplemental security income benefits.

The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____ January 3rd _, 2006, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656  (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this _____ 12th _____ day of ___ December _____, 2005.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE